SLAKER, ADMINISTRATOR, *v.* O'CONNOR ET AL.

No. 61. Argued November 23, 1928.—Decided January 2, 1929.

*Mr. Paul E. Boslaugh,* with whom *Messrs. John A. Lawler* and *Edmund Nuss* were on the brief, for appellant.

*Messrs. James M. Johnson, Bernard McNeny,* and *Donald W. Johnson* were on the brief for appellees.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Charles O'Connor and others brought suit in the District Court of the United States for Nebraska against John Slaker, Administrator of John O'Connor, deceased, and the State of Nebraska, wherein they sought to establish claims to certain property within that State which belonged to John O'Connor at the time of his death. The petition contained three counts none of which questioned the validity of a state statute.

Upon motion the District Court dismissed the petition for want of jurisdiction, and thereafter allowed a broad appeal to the Circuit Court of Appeals. The latter held the cause was properly dismissed as to the State, but that under two counts of the petition jurisdiction existed as to the Administrator—appellant here. It accordingly reversed the action of the trial court and remanded the cause for further proceedings. The Administrator then sought and secured allowance of an appeal to this Court.

Manifestly, the decree below is not final. Under the Act of February 13, 1925, § 240 (b), appeals to this Court from circuit courts of appeals lie only from final judgments or decrees (*Martinez* v. *International Banking Corp'n,* 220 U. S. 214, 223; *Collins* v. *Miller,* 252 U. S. 364, 370) in cases where the validity of a state statute is

drawn in question on the ground of repugnance to the Constitution, treaties, or laws of the United States, and the decision is against its validity.

Section 1010, Rev. Stats. (§ 878, U. S. Code) provides—

"Where, upon a writ of error, judgment is affirmed in the Supreme Court or a circuit court, the court shall adjudge to the respondents in error just damages for his delay, and single or double costs, at its discretion."

Section 1012, Rev. Stats. (omitted from Judicial Code), in its present form provides—

"Appeals from the district courts shall be subject to the same rules, regulations, and restrictions as are or may be prescribed in law in cases of writs of error." U. S. Code, Supp. I, Title 28, § 880.

The 30th (formerly 23rd) rule of this Court provides—

"2. In all cases where an appeal delays proceedings on the judgment of the lower court, and appears to have been sued out merely for delay, damages at a rate not exceeding 10 per cent., in addition to interest, may be awarded upon the amount of the judgment.

"3. Paragraphs 1 and 2 of this rule shall be applicable to decrees for the payment of money in cases in equity, unless otherwise specially ordered by this court."

The above provisions were considered in *Deming* v. *Carlisle Packing Co.*, 226 U. S. 102, 106, and *Wagner Electric Co.* v. *Lyndon*, 262 U. S. 226, 233. Together those cases determine that where a writ of error or appeal is dismissed because the alleged ground therefor is so unsubstantial as to be frivolous, a penalty may be imposed. In the first cited case—writ of error to state court—penalty of five per centum was imposed upon the plaintiff in error; in the second—an appeal from federal court—the appellant was subjected to penalty of fifteen hundred dollars and required to pay the costs. See also *Gibbs* v. *Diekma*, 131 U. S. Appendix clxxxvi.

Here, without any authority of law, the appellant obtained an appeal. Thereby he has needlessly consumed our time and imposed serious delay upon the appellees and otherwise burdened them.

The appeal must be dismissed. Damages of one hundred and fifty dollars payable to the appellees, together with all costs, will be taxed against the appellant.

*Appeal dismissed.*