ROE *v.* KANSAS ex rel. SMITH, ATTORNEY GENERAL, et al.

No. 63. Argued November 23, 1928. — Decided January 2, 1929.

*Mr. T. F. Railsback,* with whom *Mr. J. H. Brady* was on the brief, for plaintiff in error.

*Mr. Wm. A. Smith,* Attorney General of Kansas, *Messrs. John G. Egan* and *Roland Boynton,* Assistant Attorneys General, *Mr. Howard Payne,* County Attorney, and *Messrs. Ray H. Calihan* and *Randal C. Harvey* were on the brief for defendants in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This writ of error to the Supreme Court of Kansas must be dismissed. The alleged grounds therefor are so lacking in substance that they may be properly designated as frivolous.

Plaintiff in error unsuccessfully resisted condemnation by the State of Kansas of the Shawnee Mission, a place held by the court below to possess unusual historical interest. She claims that the legislation under which the proceedings were conducted conflicts with the Fourteenth Amendment and to permit its enforcement will deprive her of property without due process of law. Her theory is that the assailed statutes do not adequately specify the reason for the condemnation and fail to reveal the use to which the property is to be put; that it "was not taken for any specified or particular use, and therefore, for no public use."

Chapter 26, Art. 3, Kansas Rev. Stats. 1923, provides—

" That the power of eminent domain shall extend to any tract or parcel of land in the State of Kansas, which possesses unusual historical interest. Such land may be taken for the use and benefit of the State by condemnation as herein provided." And Chap. 205, Laws of 1927, declares that the land in question possesses unusual historical interest and directs its taking for the use of the State by condemnation, as provided by law.

The Supreme Court of the State held that [124 Kan. 716, 718]—

" The meaning of the statute is clear enough, that places invested with unusual historical interest may be acquired by the state by gift, devise, or condemnation, for the use and benefit of the state, as places of that character. If

there were any doubt about this, the joint resolution and the appropriation act relating to acquisition of the Shawnee Mission interpret the eminent domain statute, and show what the legislative intention was. The state historical society is to be custodian of the place. On taking it over, a qualified person is to make a survey and recommend measures for proper preservation and restoration of the Mission, and all things are to be done necessary to and consistent with use of the place by the state as a place of unusual historical interest." And further that the Shawnee Mission is a place invested with unusual historical interest the use of which by the State is a public one.

Under the circumstances here revealed the construction placed upon her statutes by the Supreme Court of Kansas is binding upon us. *McCullough* v. *Virginia,* 172 U. S. 102; *Strickley* v. *Highland Boy Gold Mining Co.,* 200 U. S. 527, 530; *Union Lime Co.* v. *Chicago & N. W. Ry. Co.,* 233 U. S. 211, 221. In view of what was said in *United States* v. *Gettysburg Electric Ry. Co.,* 160 U. S. 668, 680, there is no basis for doubting the power of the State to condemn places of unusual historical interest for the use and benefit of the public.

In *John Slaker, Admr.* vs. *Charles O'Connor,* just decided, *ante* p. 188, we have referred to the statutes and rule which give us authority to impose penalties and costs where causes are brought here upon frivolous appeals or writs of error. The alleged ground for the present writ is without substance, and the circumstances justify the imposition of a penalty upon the party at fault.

The writ of error will be dismissed and a penalty of two hundred dollars, payable to the defendants in error, together with all costs, will be taxed against the plaintiff in error.

*Writ of error dismissed.*