# WRIGHT, County Treasurer, et al. v. CENTRAL NAT. BANK OF TOPEKA, KAN.

Circuit Court of Appeals, Tenth Circuit.
December 31, 1929.

No. 70.

Eugene S. Quinton, of Topeka, Kan., for appellants.

J. L. Hunt, of Topeka, Kan. (S. M. Brewster and Bennett R. Wheeler, both of Topeka, Kan., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge. ██ The appellants, as county treasurer of Shawnee County and the board of county commissioners of said county, brought this suit against The Central National Bank of Topeka, Kansas, to enjoin the enforcement of a judgment which the bank recovered in an action at law against said appellants. The bank in its action at law relied on section 5219, Rev. St. U. S., as amended in 1922 and 1923, 42 Stat. 1499 (Tit. 12, § 548, U. S. Code [12 USCA § 548]), charging that the tax imposed on shares of the bank by State authority was at a greater rate than assessed upon other moneyed capital in the hands of individual citizens of such

State coming into competition with the business of said bank; that in fact under the State statute all moneyed capital in the hands of individual citizens in the State of Kansas, whether the same comes in competition with the business of National banks or not, except stock in corporations, is taxed at the rate of 25¢ per $100 of assessed valuation, but the stock of National banks is excepted from the operation of said statute and is fixed at the same rate as personal property in the State, other than moneys and credits; that for the year 1925 all moneys and credits as defined in said statute were assessed in the State of Kansas at the rate of 25¢ per $100 of valuation, including moneys and credits taxed in Shawnee County, but the stock of the plaintiff bank had been taxed in said county at the rate of $3.23 upon each $100 of valuation. It was further alleged that if the tax on the bank's shares had been at the same rate as on other moneyed capital coming into competition with the business of the bank for said year the total tax would have been $1,046.75, whereas the total tax on the bank's shares was $13,524.01, that to avoid the seizure of its property for the payment of the tax so assessed it paid under duress and protest the whole of the tax against it and it asked judgment for the excess, $12,477.26. The defendants answered in that action, and on trial the bank recovered judgment for the excess. The defendants appealed therefrom and the judgment was affirmed by the Circuit Court of Appeals for the Eighth Circuit. McFarland, County Treas., et al. v. Central National Bank of Topeka, Kansas, 26 F.(2d) 890. The Supreme Court denied certiorari. 278 U. S. 606, 49 S. Ct. 12, 73 L. Ed. 533. Then these plaintiffs brought this suit, setting out in their bill all of the pleadings in the law action, and asked that the collection of that judgment be enjoined. The bill was dismissed on demurrer, and the judgment in favor of the bank in the law action was paid. Then the plaintiffs in the injunction suit took this appeal. For the purpose of conferring jurisdiction on the court below in the equity suit it was alleged that the judgment in the law action was entered in violation of the due process clause of the Constitution of the United States, and therefore said judgment is void for these reasons, (1) that the bank was not liable for the payment of the tax on its stock; (2) under the law of the decisions of the Supreme Court of Kansas and the Supreme Court of the United States payment of the tax by the bank was a voluntary payment, there was no diverse citizenship and no Federal question in the law action and the court was without jurisdiction to render judgment in favor of the bank; (3) the bank was not the real party in interest under the State statute in the law action, the stockholders being the real parties in interest, and (4) that an order of the Public Service Commission of the State of Kansas touching the controversy over the tax was final and conclusive. Clearly, the United States District Court for the District of Kansas had jurisdiction in the law action. It was based on construction of a United States statute and its application to the facts. No argument seems necessary to refute the other claims in the bill. Obviously, they are wholly without merit. The defendants in the law action had full opportunity to defend. They answered and did defend in that case and appealed from the judgment against them, which was affirmed. This appeal is wholly without merit, vexatious and frivolous. The penalty provided in sections 878 and 880 of title 28 U. S. Code (28 USCA §§ 878, 880) should be applied here. Slaker, Adm'r, v. O'Connor, 278 U. S. 188, 49 S. Ct. 158, 73 L. Ed. 258; Roe v. Kansas ex rel. Smith, Atty. Gen., 278 U. S. 191, 49 S. Ct. 160, 73 L. Ed. 259.

The appeal will be dismissed, all costs taxed against appellants, and in addition thereto damages in the sum of $250 are adjudged in favor of appellee and against appellants, to be recovered from appellants with the costs.