**J. Rupert MASON, Appellant,**

v.

**SUMMER LAKE IRRIGATION DIS-TRICT and Pueblo Trading Co.,**
Appellees.

**No. 13776.**

United States Court of Appeals
Ninth Circuit.

Nov. 10, 1954.

J. Rupert Mason, in pro. per.

Griffith, Phillips & Coughlin, James K. Buell, Portland, Or., Theodore R. Cohn, Lakeview, Or., George H. Fraser, Cleveland C. Cory, Hugh L. Biggs, Hart, Spencer, McCulloch, Rockwood & Davies, Portland, Or., for appellees.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

PER CURIAM.

The appellant appeals from a decree of the District Court which was entered January 23, 1953, and urges as grounds therefor points and contentions which were heard and disposed of in West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654; Thomas v. El Dorado Irr. Dist., 9 Cir., 126 F.2d 922; Mason v. El Dorado Irr. Dist., 9 Cir., 144 F.2d 189; Mason v. Banta Carbona Irr. Dist., 9 Cir., 149 F.2d 49; United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137; and Mason v. Paradise Irr. Dist., 326 U.S. 536, 66 S.Ct. 290, 90 L.Ed. 287. No new points or contentions are present here. The same appellant was the Mason named in three of the cases cited.

Upon the authority of these cases, the decision and judgment of the District Court is affirmed.

Indeed, the appeal is so unsubstantial and frivolous as to suggest that it was taken merely for delay. The court has seriously considered awarding damages against the appellant for the delay, as provided in Title 28 U.S.C.A. § 1912. Cf. Slaker v. O'Connor, 278 U.S. 188, 191,

49 S.Ct. 158, 73 L.Ed. 258; In re Midland United Co., 3 Cir., 141 F.2d 692; Massachusetts Bonding & Insurance Co. v. Feutz, 8 Cir., 182 F.2d 752; Fern Gold Mining Co. v. Murphy, 9 Cir., 7 F.2d 613. Here the persons entitled thereto have been deprived of the $54,000 paid into court for approximately a year and a half. They have lost the use of that sum and their damages are substantial. Yet because the court has heretofore failed to apply § 1912 in many cases where it might have been invoked, we have decided to hold our hand here, letting this reference to the statute serve as notice of the possibility that it may be applied in the future.