Chief Judge Desmond
(dissenting). The appeal is moot. Section 8 of the statute (L. 1966, ch. 691) clearly means that the City Superintendent of Buildings may withhold issuance of a demolition permit for no more than 180' days beyond the time one would ordinarily issue on due application. Such application to the Superintendent was made by Keystone Associates on May 16, 1966, which happens to be the same date on which the act was passed by the Legislature. Whether we use that date or the date of the Governor’s signing, June 24, 1966, 180 days have now expired. This statute conferred on a named corporation the privilege to acquire by condemnation a particular building and site. Since no such condemnation proceeding has been started and the 180-day period has passed the act is without any further possible effect and the situation is as if it had never been passed. The Superintendent now must issue the demolition permit and that is the end of the “ Old Met ” project.
As to constitutionality, I see no failure of this statute to meet requirements for validity. The Legislature made a finding and declaration that the Old Metropolitan Opera House is an historic landmark of the city and the State, that its preservation will serve the recreational and cultural needs of the citizens of the State, and that unless steps were taken to permit its acquisition by an appropriate corporation it would be demolished and destroyed. This declaration of the public nature of this project is beyond attack (Weitzner v. Stichman, 296 N. Y. 907; Roe v, Kansas, 278 U. S. 191, 193). As the Special Term *91 Justice wrote in Ms opinion in tMs case: “ The only concern and the only legitimate concern of the court is whether there has been a talcing of private property without just compensation.” However, the only argument to support an affirmative answer to that question proceeds on the assumption, erroneous both in law and in fact, that the statute’s provision for a $200,000 bond is not sufficient to compensate the owners for the damages resulting from the 180-day delay. The law is, however, that the measure of damages for property appropriated for a temporary period of time is the loss of rental value during that time plus any damage to the fee caused by the temporary use (Mead v. State of New York, 24 A D 2d 1043; Spencer v. State of New York, 206 App. Div. 376). Security in the amount of $200,000 would seem to be ample to cover these damages, or so the Legislature could reasonably conclude. Furthermore, I read the statute in its use of the word “may” to mean that the Buildings Superintendent is empowered but not required to delay the demolition permit if the $200,000 bond should be posted. Reasonably interpreted, this means that he could investigate and, if he were convinced that the $200,000 was not enough, could deny the permit except on posting of larger security.
The argument that the statute is unconstitutional because it allows the corporation to use the name “ Old Met ” is without any substance. “ Old Met ” is the name by Avhich this building is popularly known.
The majority is giving no Aveight Avhatever to the ancient presumption of constitutionality of statutes and little credit to the proper legislative purpose of protecting a part of our cultural heritage and of the structures which enshrine those traditions. The making of statutes like this should be encouraged by the courts and not frowned upon because of the comparative novelty of the method used.
I Avould reverse.