No. 84–18. TALAMINI, ADMINISTRATRIX OF THE ESTATE OF TALAMINI v. ALLSTATE INSURANCE CO. Appeal from C. A. 3d Cir. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied. JUSTICE WHITE, believing that there is no final judgment to review, would dismiss for want of jurisdiction.

JUSTICE STEVENS, with whom JUSTICE BRENNAN, JUSTICE MARSHALL, and JUSTICE BLACKMUN join, concurring.

Appellant filed a two-count complaint against appellee seeking to recover damages under two Pennsylvania statutes.[1] The Dis-

---

*JUSTICE POWELL took no part in the consideration or decision of the orders announced on this date, with the exception of No. 84–18, *Talamini, Administratrix of the Estate of Talamini* v. *Allstate Insurance Co., infra*, this page.

[1] Count I sought recovery under Pennsylvania's No-fault Motor Vehicle Insurance Act, Pa. Stat. Ann., Tit. 40, §§ 1009.101–1009.701 (Purdon Supp. 1984–1985) (repealed 1984). Count II sought recovery under Pennsylvania's

trict Court granted a motion to dismiss Count II and appellant tried to appeal from that order under 28 U. S. C. § 1291. The Court of Appeals for the Third Circuit dismissed the appeal, presumably because the District Court's dismissal of only one count of the complaint was not a final order. Appellant has invoked our appellate jurisdiction under 28 U. S. C. § 1254, arguing that Pennsylvania courts would treat the District Court's dismissal as a final order and that the federal courts should also treat the dismissal as final under the collateral-order doctrine of *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949). I find no merit to that argument and agree that the appeal should be dismissed; treating it as a petition for a writ of certiorari, the petition should be denied.

Appellee filed a nine-page motion to dismiss or affirm in which it correctly pointed out that a court of appeals does not have jurisdiction over an appeal from a district court order dismissing less than all of the claims alleged in a complaint unless the district court has made the express determination that Rule 54(b) of the Federal Rules of Civil Procedure requires.[2] In the concluding section of its printed motion, appellee requests the Court to award it "double costs and attorneys fees incurred."[3] Because three Members of the Court have expressed the opinion that the request should be treated as a formal motion and that it should be granted

---

Unfair Insurance Practices Act, Pa. Stat. Ann., Tit. 40, §§ 1171.1–1171.15, and Unfair Trade Practices and Consumer Protection Law, Pa. Stat. Ann., Tit. 73, § 201–9.2 (Purdon Supp. 1984–1985). The complaint was originally filed in the state court and removed by appellee to the Federal District Court because of the parties' diverse citizenship.

[2] Rule 54(b), entitled "JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES," provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[3] Motion to Dismiss or Affirm 9.

"to the extent of awarding appellee $1,000 against Bruce Martin Ginsburg, Esq., appellant's counsel, pursuant to this Court's Rule 49.2," *post*, at 1073, it is appropriate to explain briefly why the request should be denied.[4]

Appellee is entirely correct in pointing to the jurisdictional defect in this appeal. Moreover, it is a defect that competent counsel should readily recognize. Nevertheless, this procedural error is one that has been frequently overlooked by a large number of experienced attorneys and judges in other cases.[5] It is not the kind of egregious error that may properly provide the basis for sanctions against an attorney. There are, moreover, two additional reasons why it would be unwise judicial administration to grant a motion of this kind.

Because of the large number of applications for review that are regularly filed in this Court, the public interest in the efficient administration of our docket requires that we minimize the time devoted to the disposition of applications that are plainly without merit.[6] Any evenhanded attempt to determine which of the unmeritorious applications should give rise to sanctions, and which should merely be denied summarily, would be a time-consuming and unrewarding task. It would require us either to adopt a procedure for assessing a fair compensatory damages award in par-

---

[4] The desire for similar action has been expressed in several cases in recent years. See, *e. g.*, *Potamkin Cadillac Corp.* v. *United States*, 462 U. S. 1144 (1983) (BURGER, C. J., and REHNQUIST and O'CONNOR, JJ.); *Escofil* v. *Pennsylvania*, 462 U. S. 1117 (1983) (REHNQUIST and O'CONNOR, JJ.); *In re Rush*, 462 U. S. 1117 (1983) (BURGER, C. J., and REHNQUIST and O'CONNOR, JJ.); *Garcia* v. *United States*, 462 U. S. 1116 (1983) (BURGER, C. J., and REHNQUIST and O'CONNOR, JJ.); *Gullo* v. *McGill*, 462 U. S. 1101 (1983) (BURGER, C. J., and REHNQUIST and O'CONNOR, JJ.).

[5] See, *e. g.*, *Burney* v. *Pawtucket*, 728 F. 2d 547, 549 (CA1 1984) *(per curiam); Wolf* v. *Banco Nacional de Mexico, S. A.*, 721 F. 2d 660, 661–662 (CA9 1983); *Liskey* v. *Oppenheimer & Co.*, 717 F. 2d 314, 321 (CA6 1983); *Sandoz* v. *Crain Brothers, Inc.*, 694 F. 2d 88, 89 (CA5 1982) *(per curiam);* cf. 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2657, pp. 60–61 (1983) ("Unfortunately, it is not always easy to tell whether a case involves multiple claims (to which Rule 54(b) is applicable) or a single claim supported by multiple grounds (to which Rule 54(b) is not applicable). The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure") (footnote omitted).

[6] Cf. *Roadway Express, Inc.* v. *Piper*, 447 U. S. 752, 757, n. 4 (1980) ("The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law").

ticular cases, or to impose a somewhat arbitrary penalty whenever such a motion is granted. Unless there has been a gross abuse of the judicial process, or demonstrable and significant harm to a litigant, such action is unwarranted.[7]

Of greater importance than the practical problems associated with the processing of motions of this kind is the symbolic significance of the action that THE CHIEF JUSTICE proposes. Freedom of access to the courts is a cherished value in our democratic society. Incremental changes in settled rules of law often result from litigation.[8] The courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts

---

[7] The earliest version of this Court's Rule 49.2, enacted in 1803, provided: "In all cases where a writ of error shall delay the proceedings on the judgment of the circuit court, and shall appear to have been sued out merely for delay, damages shall be awarded at the rate of *ten per centum per annum,* on the amount of the judgment." Rules and Orders of the Supreme Court of the United States, 1 Cranch xvi, xviii (1803) (Rule XVII) (emphasis in original).

Since that time the Rule has been revised and renumbered numerous times. See Rules of the Supreme Court of the United States, Revised and Corrected at December Term, 1858, 21 How. v, XIII (1858) (Rule 23.3); Rules of the Supreme Court Announced January 7, 1884, 108 U. S. 573, 586 (1884) (Rule 23.2); Revised Rules of the Supreme Court of the United States, 266 U. S. 653, 674 (1925) (Rule 28.2); Revised Rules of the Supreme Court of the United States, 275 U. S. 595, 617 (1928) (Rule 30.2); Revised Rules of the Supreme Court of the United States, 346 U. S. 951, 1006 (1954) (Rules 56.2 and 56.4). However, despite the 182-year existence of Rule 49.2 and its predecessors, it appears that they have rarely been invoked. See, *e. g., Tatum* v. *Regents of University of Nebraska,* 462 U. S. 1117 (1983); *Bohn* v. *Bohn,* 316 U. S. 646, 647 (1942) *(per curiam)* ("it appearing that the appeal was frivolous and taken merely for delay"); *Roe* v. *Kansas,* 278 U. S. 191, 193 (1929); *Slaker* v. *O'Connor,* 278 U. S. 188, 190 (1929); *Wagner Electric Mfg. Co.* v. *Lyndon,* 262 U. S. 226, 232 (1923) ("We are asked by counsel for appellees to impose a penalty on the appellant for delay. The history of the case and the conduct of the Wagner Company leave no doubt that the litigation in the federal jurisdiction and the successive appeals have been prosecuted solely for delay"); *Deming* v. *Carlisle Packing Co.,* 226 U. S. 102, 106 (1912) ("That the unsubstantial and frivolous character of the only Federal question relied upon of necessity embraces the conclusion that the writ was prosecuted for delay is.in our opinion indubitable"); cf. *Gibbs* v. *Diekma,* 131 U. S. App. clxxxvi, clxxxvii (1880) ("[I]t is so apparent the appeal was vexatious and for delay only, that we adjudge to the appellees five hundred dollars as just damages for their delay").

[8] See, *e. g., Abney* v. *United States,* 431 U. S. 651 (1977); *Cox Broadcasting Corp.* v. *Cohn,* 420 U. S. 469 (1975); *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U. S. 541 (1949).

at self-help. There is, and should be, the strongest presumption of open access to all levels of the judicial system. Creating a risk that the invocation of the judicial process may give rise to punitive sanctions simply because the litigant's claim is unmeritorious could only deter the legitimate exercise of the right to seek a peaceful redress of grievances through judicial means.[9] This Court, above all, should uphold the principle of open access.

This is not, of course, to suggest that courts should tolerate gross abuses of the judicial process. If there is reason to believe that counsel have pursued unmeritorious litigation merely in order to generate fees for themselves, for example, judges should bring the matter to the attention of the appropriate disciplinary authorities.[10] Or if it appears that unmeritorious litigation has been prolonged merely for the purposes of delay, with no legitimate prospect of success, an award of double costs and damages occasioned by the delay may be appropriate.[11] But the strong presumption is

---

[9] Justice Field eloquently penned this point on the occasion of the announcement of his retirement:

"As I look back over the more than a third of a century that I have sat on this bench, I am more and more impressed with the immeasurable importance of this court. Now and then we hear it spoken of as an aristocratic feature of a Republican government. But it is the most Democratic of all. Senators represent their States, and Representatives their constituents, but this court stands for the whole country, and as such it is truly 'of the people, by the people, and for the people.' It has indeed no power to legislate. It cannot appropriate a dollar of money. It carries neither the purse nor the sword. *But it possesses the power of declaring the law, and in that is found the safeguard which keeps the whole mighty fabric of government from rushing to destruction. This negative power, the power of resistance, is the only safety of a popular government . . . .*" Letter of Resignation of Justice Stephen J. Field, 168 U. S. App. 716 (1897) (emphasis added).

[10] See Model Rules of Professional Conduct and Code of Judicial Conduct, Rule 1.5 (1983) ("A lawyer's fee shall be reasonable").

[11] This Court's Rule 49.2 provides:

"When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages."

This Court's Rule 50.7 states that "[i]n an appropriate instance, the Court may adjudge double costs." Cf. Model Rules of Professional Conduct and Code of Judicial Conduct, Rule 3.2 (1983) ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of his client"). The comment following this rule states:

"Dilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates, or for the

1072

against the imposition of sanctions for invoking the processes of the law.

If the Court has treated appellee's request as a motion under our Rule 49.2, the Court has correctly denied the motion.

CHIEF JUSTICE BURGER, with whom JUSTICE REHNQUIST and JUSTICE O'CONNOR join.

I agree that we should dismiss this appeal, but I would go beyond that. This appeal is an attempt to invoke the Court's jurisdiction on an utterly frivolous claim. Such efforts should subject the attorney who filed the jurisdictional statement to the sanction of Rule 49.2 of this Court,* at least where, as here, the appellee has moved for an award of costs and fees.

Appellant, the administratrix of her husband's estate, filed a complaint in state court seeking insurance benefits from appellee. Count I of the complaint sought benefits under Pennsylvania's No-fault Motor Vehicle Insurance Act, Pa. Stat. Ann., Tit. 40, §§ 1009.101–.701 (Purdon Supp. 1984–1985) (repealed 1984). Count II alleged that appellee had violated Pennsylvania's Unfair Insurance Practices Act, *id.*, § 1171.1 *et seq.*, and sought statutory

---

purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client."

See also *id.*, Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law"). The comment to that rule, in pertinent part, states:

"[T]he law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change. . . . [An] action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law."

*Rule 49.2 provides: "When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages."

penalties under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, Pa. Stat. Ann., Tit. 73, § 201–9.2 (Purdon Supp. 1984–1985).

Appellee removed the suit to Federal District Court based on the parties' diversity of citizenship. On appellee's motion, the District Court dismissed Count II for failure to state a claim upon which relief could be granted, holding that the Pennsylvania laws upon which appellant relied do not provide any private right of action. Appellant immediately appealed to the United States Court of Appeals for the Third Circuit. The Court of Appeals granted appellee's motion to dismiss on the grounds that the District Court decision was not a final judgment and that the Court of Appeals thus lacked jurisdiction. Appellant then filed a jurisdictional statement with this Court, asserting that the Court of Appeals' dismissal of her appeal was erroneous and a violation of due process.

The Court of Appeals' action was unquestionably correct. See 28 U. S. C. § 1291; Fed. Rule Civ. Proc. 54(b). Not only is appellant's appeal to this Court completely frivolous on the merits, but also her attempt to bring the case here by way of appeal is totally improper; appellate jurisdiction is plainly lacking. See 28 U. S. C. § 1254(2).

Appellee has moved for an award of costs and fees for its expense in responding to this frivolous appeal. We afforded appellant the opportunity to respond to this motion; appellant's response provided nothing to meet the claim that the appeal is demonstrably frivolous. I would grant the motion to the extent of awarding appellee $1,000 against Bruce Martin Ginsburg, Esq., appellant's counsel, pursuant to this Court's Rule 49.2.

It is suggested that two objectives justify the Court's refusal to apply Rule 49.2 in this and similar cases: (a) efficient use of the Court's time, and (b) affirmance of the principle of free access to the courts. Both objectives unquestionably are commendable, but the perspective is too narrow. Judicious use of the sanction of Rule 49.2 in egregious cases—and this is an egregious case—should discourage many of the patently meritless applications that are filed here each year. In the long run, this is the more effective way to "minimize the time devoted to the disposition of applications that are plainly without merit," *ante*, at 1069; after all, that is the whole purpose of Rule 49.2. Further, while freedom of access to the courts is indeed a cherished value, every misuse of any court's time impinges on the right of other litigants with valid

1074

or at least arguable claims to gain access to the judicial process. The time this Court expends examining and processing frivolous applications is very substantial, and it is time that could be devoted to considering claims which merit consideration.

Rule 49.2 has a purpose which has too long been ignored; it is time we applied it. I would apply it here.