See also, D.C., 657 F.Supp. 182.

---

Christopher COE, by his next friend Michael COE; Danny & Sondra Smith, by their next friend Mary Smith, Plaintiffs-Appellants,

v.

Linda ZIEGLER; Officer Robert Connelly, Officer Jeffrey R. Hunt, Police Officers—Cincinnati Police Department; John P. O'Connor, individually and in capacity as Judge, Hamilton Co. Juvenile Court, Defendants-Appellees,

Kathleen Byrne, et al., Defendants.

No. 87–3035.

United States Court of Appeals, Sixth Circuit.

Submitted March 30, 1987.

Decided April 24, 1987.

John H. Metz, Cincinnati, Ohio, for Coe.

Frank J. Wasserman, Legal Aid Society, Cincinnati, Ohio, for Smith.

Michael E. Maundrell, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for defendants-appellees.

Hugh O. Frost, II, Asst. City Solicitor, Cincinnati, Ohio, Richard A. Castellini, City Solicitor, for Connelly & Hunt.

Before KEITH, KENNEDY and RYAN, Circuit Judges.

PER CURIAM.

The Plaintiffs appeal an order of the district court granting absolute or qualified immunity to four of the five Defendants in this civil action for damages and declaratory relief. The Defendants now move to dismiss the appeal on grounds that an order granting immunity is not a final, appealable order under 28 U.S.C. § 1291. The Plaintiffs have filed a response.

The United States Supreme Court has recently held that the denial of a motion to dismiss based on a claim of qualified or absolute immunity is an appealable final decision. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). In so holding, the Court reasoned that a party entitled to immunity has the right to be free from the burden of going to trial. Because the *Mitchell* rationale does not apply when immunity has been granted this order lacks finality. The policy against piecemeal appeals is applicable, and therefore,

It is ORDERED that the motion to dismiss the appeal is granted.