846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul Howard STEVENS, Sr., Plaintiff-Appellant,
v.
Lynn C. ARMENTROUT, Sheriff Warren County, Henry H. Whiting,
Judge Warren County Circuit Court, Defendants-Appellees.
Paul Howard STEVENS, Sr., Plaintiff-Appellant,
v.
Lynn C. ARMENTROUT, Henry H. Whiting, Judge, Warren County
Circuit Court, Defendants-Appellees.
 Nos. 87-7315, 87-7351.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1988.
April 22, 1988.
 
 Paul Howard Stevens, Sr., appellant pro se.
 Guy Winston Horsley, Jr., Assistant Attorney General, James Walter Hopper, Gardner, Moss & Hopper, for appellees.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul Howard Stevens, Sr., appeals the district court's dismissal of one of two defendants from his 42 U.S.C. Sec. 1983 action on judicial immunity grounds. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 As the order appealed from is not a final order, it is not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949). While a government official may immediately appeal the district court's denial of a motion to dismiss on immunity grounds, a plaintiff may not take an interlocutory appeal of the district court's decision to grant such a motion. See Theis v. Smith, 827 F.2d 260 (7th Cir.1987); Coe v. Ziegler, 817 F.2d 29 (6th Cir.1987); Thompson v. Betts, 754 F.2d 1243 (5th Cir.1985).
 
 
 4
 Finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 5
 DISMISSED.