852 F.2d 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen W. KLYCE, Plaintiff-Appellant,
v.
Carlos RAMIREZ, M.D., and John Gonzalez, M.D., Defendants-Appellees.
 No. 87-5176.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Karen W. Klyce (Klyce) appealed from the district court's entry of summary judgment in favor of defendants-appellees Drs. Carlos Ramirez (Ramirez) and John Gonzales (Gonzales) (collectively, appellees) in this 42 U.S.C. Sec. 1983 action commenced by Klyce charging that her temporary and involuntary commitment in a state mental institution for the purpose of psychiatric evaluation violated her right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The record disclosed the following facts.
 
 
 2
 On March 22, 1982, Klyce was arrested while attempting to break into her attorney's residence in Memphis, Tennessee. She violently resisted the arrest, and one of the arresting officers reported that she was "screaming" about the "third dimension." The officers believed that Klyce was mentally ill and therefore transported her to the City of Memphis Hospital (CMH) for psychiatric evaluation.[1] After a physician at CMH examined Klyce, he certified that she was in need of emergency commitment for mental health treatment and accordingly directed that she be transferred to the Memphis Mental Health Institute (MMHI).[2]
 
 
 3
 Upon her arrival at MMHI, Klyce was examined by Gonzales, Director of Admissions at MMHI, who also certified that Klyce was subject to emergency admission to the facility under Tenn.Code Sec. 33-6-103.[3] Gonzales assigned Ramirez as Klyce's treating physician and thereafter had no further contact with her.
 
 
 4
 Upon her admission to MMHI, its superintendent so notified the General Sessions Court of Shelby County, Tennessee pursuant to Tenn.Code Sec. 33-6-103(1). The court ordered that Klyce be examined within 24 hours of her admission and be held for five days for diagnosis, evaluation, and treatment. The court scheduled a hearing on March 29, 1982 to determine whether Klyce was mentally ill and posed and immediate substantial likelihood of serious harm.[4]
 
 
 5
 Ramirez, Klyce's assigned treating physician, was not present at MMHI on the day she was admitted, so his assitants, Drs. David Knott (Knott) and Sam Herring (Herring) examined Klyce as required by the court order. Knott and Herring concluded that while Klyce appeared mentally unstable, they did not believe that she posed a danger to herself or others.
 
 
 6
 Ramirez first examined Klyce on March 24, 1982 at which time he "determined that she still posed a likelihood of serious harm if released based on her behavior at that time, her past history of psychiatric disorders, and her behavior leading to the commitment." Ramirez noted that during his examination of Klyce, she "was agitated, delusional, paranoid, and subject to rapid mood swings from anger to depression." On March 29, 1982, the date of the scheduled Sessions Court hearing, Ramirez concluded that Klyce still posed a danger to the community due to her unpredictable behavior, but that the threat was no longer "immediate" as required for continued detention under the Tennessee statute. Consequently, Klyce was released from MMHI on that date.
 
 
 7
 On March 21, 1983, Klyce commenced five separate pro se actions in the Western District of Tennessee alleging that she was deprived of her right to due process of law when she was temporarily, and involuntarily committed to MMHI. CMH, MMHI, Gonzales, Ramirez, and MMHI Superintendent Robert D. Fink (Fink) were each named as the single defendants in one of the actions. On December 29, 1983, the district court "consolidated [the five actions] for all purposes," and granted the defendants' motions for a more definite statement. On January 30, 1984, Klyce, now represented by counsel, filed a single amended complaint in which she asserted due process, false arrest, and assault claims against the five above-named defendants as well as against William M. Leech (Leech), the Tennessee Attorney General. In addition, Klyce set forth a claim for declaratory judgment seeking an order declaring the Tennessee emergency commitment statute unconstitutional.
 
 
 8
 On February 11, 1985, the district court dismissed the declaratory judgment claim as well as the claims against MMHI, Fink, and Leech.[5] The court simultaneously denied Ramirez's, Gonzales', and CMH's motions for summary judgment.
 
 
 9
 On October 21, 1985, after extensive discovery, Gonzales and Ramirez again moved for summary judgment. In their motion, Gonzales and Ramirez asserted that they were entitled to qualified immunity because Klyce had failed, through discovery, to adduce facts in support of her claims.[6] On December 31, 1986, the district court granted Gonzales' and Ramirez's motion, and on January 5, 1987, the court entered judgment in favor of those defendants. The court did not address the claims stated against CMH in the amended complaint. On February 4, 1987, Klyce commenced the present appeal from the January 5, 1987 entry of judgment.
 
 
 10
 Although not raised by the parties in their initial briefs on appeal, this court must sua sponte address its jurisdiction over this appeal. In particular, this court must determine whether the district court's January 5, 1987 judgment was a final judgment in light of the fact that the court's order did not dispose of the claims against CMH.
 
 
 11
 An order dismissing fewer than all of the defendants from an action is not a final appealable order unless the district court directed entry of final judgment against those defendants pursuant to Fed.R.Civ.P. 54(b). Moody v. Kapica, 548 F.2d 133 (6th Cir.1976) (per curiam).[7] Cases consolidated for trial by the district court, however, do not lose their separate identity:
 
 
 12
 As recognized by the Supreme Court in Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933):
 
 
 13
 Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another. (Citations omitted).
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 [I]nasmuch as the consolidation of both actions below did not merge the suits into a single cause, it is beyond peradventure that the trial court's decision dismissing [the only defendant in one of the consolidated actions] and thereby terminating [that particular] action is a final appealable order not requiring further certification pursuant to Fed.R.Civ.P. 54(b).
 
 
 17
 Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers and Taxicab Drivers, 683 F.2d 131, 133 (6th Cir.1982) (per curiam) (citation omitted). See also Stacy v. Charles J. Rogers, Inc., 756 F.2d 440 (6th Cir.1985).
 
 
 18
 Kraft and Stacy are not dispositive, however, of the jurisdictional issue presently before this court. After the original five cases were consolidated, Klyce filed a single amended complaint naming six defendants and making common allegations against all of the defendants. "[A]n amended pleading supersedes the original, the latter being treated as nonexistent." Bullen v. B. De Bretteville Treasure Co., 239 F.2d 824, 833 (9th Cir.1956), cert. denied, 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957). "Under the Federal Rules, an amended complaint supersedes the original complaint." Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir.1982) (citations omitted). See also International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n. 6 (11th Cir.1982); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 601 (5th Cir.1981); Clark v. Tarrant County, 798 F.2d 736, 740 (5th Cir.1986). Accordingly, when Klyce filed her single amended complaint which incorporated the consolidated actions into one action, that complaint entirely superseded the original five separate complaints leaving one action with six defendants. The court's December 29, 1986 order, which did not dismiss the claims against all of the defendants named in the amended complaint, was not, therefore, a final appealable order, that would invoke the jurisdiction of this appellate court.[8] Accordingly, this appeal is hereby DISMISSED, and the case is REMANDED to the district court for further proceedings.
 
 
 
 [1]
 Under Tenn.Code Sec. 33-6-103(a) & (b), a police officer may detain and take custody of a person for immediate psychiatric evaluation if he has reason to believe that the person is mentally ill and "poses an immediate substantial likelihood of serious harm."
 
 
 [2]
 Under Tenn.Code Sec. 33-6-103(c) & (d), a person who is both mentally ill and "poses an immediate substantial likelihood of serious harm" may be admitted to a psychiatric hospital for emergency diagnosis, evaluation, and treatment so long as the examining physician completes a "certificate of need" for such admission. The CMH physician who examined Klyce certified that Klyce was mentally ill and posed an immediate substantial likelihood of serious harm and noted that:
 [t]his 34 yr. female has been noncompliant with medication, drinking to excess, not opening mail or paying bills, phoning people at all hours of the day and night for the past two weeks. That evening she attempted to break into her lawyer's home while screaming about the "third dimension." She is disturbed, hostile and sarcastic. She attacked the arresting officer. she has poor judgment and no insight.
 
 
 [3]
 Gonzales noted that Klyce had a "[p]ast history of serious suicide attempt. At present, very unstable mentally. Dangerous to self and others."
 
 
 [4]
 Under Tenn.Code Sec. 33-6-103(1), the court may order admission for up to five days, excluding Saturdays, Sundays, and holidays after which it must conduct a probable cause hearing
 
 
 [5]
 The Court determined that MMHI, as a state agency, and Fink and Leech, who had been sued only in their official capacities, were entitled to immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. The court concluded that it had no subject matter jurisdiction over the declaratory judgment claim as Klyce was no longer being held and she had not alleged that there was a substantial likelihood that she would be committed under the statute in the future. See City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (plaintiff who alleged past deprivation of constitutional rights by government officials does not have standing to seek declaratory relief with regard to future violations unless he demonstrates "a real and immediate threat" of similar future constitutional violations)
 
 
 [6]
 Public officials are entitled to summary judgment based upon the doctrine of qualified immunity when the constitutional or statutory right they were alleged to have violated was not clearly established at the time they acted or when the plaintiff, through discovery, fails to adduce evidence to support his claim. See Kennedy v. City of Cleveland, 797 F.2d 297, 299-300 (6th Cir.1986), cert. denied, 107 S.Ct. 1334, 94 L.Ed.2d 185 (1987)
 
 
 [7]
 Fed.R.Civ.P. 54(b) provides:
 Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 Because the district court in the instant case did not expressly determine that there was no just reason for delay or expressly direct entry of final judgment against Gonzales or Ramirez, Fed.R.Civ.P. 54(b) is inapplicable in this case. Moody, 548 F.2d at 133.
 
 
 [8]
 Nor may this court review the December 29, 1986 order as an immediately appealable interlocutory order ruling on a motion for summary judgment based upon qualified immunity. Although an order denying a defendant's motion for summary judgment based upon qualified immunity is an immediately appealable interlocutory order, Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), an order granting summary judgment based upon qualified immunity to fewer than all of the defendants in an action is not appealable as either a final or an immediately appealable interlocutory order. Coe v. Ziegler, 817 F.2d 29 (6th Cir.1987) (per curiam)