**Farag M. Mohammed SALTANY, et al., Appellants,**

**Muniem Mohamed Ibraheim Al-Mshirgi, et al.**

v.

**Ronald W. REAGAN, President of U.S., et al.**

**Nos. 89-5051, 89-5052 and 89-5053.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 29, 1989.

Motion To Dismiss Cross Appeal Granted Sept. 29, 1989.

Mark R. Joelson, Joseph P. Griffin, and Mark N. Bravin, Washington, D.C., were on the pleadings for Thatcher, et al., appellants in No. 89–5053 and appellees in Nos. 89–5051 & 89–5052.

Ramsey Clark and Lawrence W. Schilling, New York City, were on the pleadings for Saltany, et al., appellants in No. 89–5051 and appellees in Nos. 89–5052 & 89–5053.

Larry L. Gregg and Barbara L. Herwig, Washington, D.C., were on the pleadings for Reagan, et al., appellants in No. 89–5052 and appellees in Nos. 89–5051 & 89–5053.

Before BUCKLEY, D.H. GINSBURG, and SENTELLE, Circuit Judges.

Opinion PER CURIAM.

## ON MOTION FOR SUMMARY REVERSAL

PER CURIAM:

On April 13, 1988, fifty-five Libyan citizens and residents filed suit in the district court seeking damages for injuries, death, and property loss sustained in the 1986 United States air strike on Libya. Substantial damages were sought from the United States, President Reagan, senior civilian and military officials, and from the United Kingdom and Prime Minister Thatcher as well. Plaintiffs sought to hold the British defendants liable on the basis that the Prime Minister gave the United States permission to use British air bases in the air strike. Plaintiffs asserted claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, the Foreign Claims Act, 10 U.S.C. § 2734, the Alien Tort Claims Act, 28 U.S.C. § 1350, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, and various constitutional and common law theories, including the "tort law of Libya."

Upon motions, the district court dismissed plaintiffs' claims as to all defendants. *See Saltany v. Reagan,* 702 F.Supp. 319 (D.D.C.1988). Plaintiffs appealed and defendants have moved this court for summary affirmance. By sepa-

rate order this date, we affirm the decision dismissing plaintiffs' case. *Infra,* at 441.

Both the United States and the British defendants also moved the district court for sanctions pursuant to Federal Rule of Civil Procedure 11, on the grounds that plaintiffs abused the judicial process and needlessly imposed upon defendants the cost of defending against an action not supported by existing law or by any good faith argument for the extension, modification, or reversal of existing law. The district court found that plaintiffs' counsel "surely knew" that the case "offered no hope whatsoever of success," but it declined to impose sanctions in the interest of keeping the courthouse door open as a forum for suits "brought as a public statement of protest of Presidential action with which counsel (and, to be sure, their clients) were in profound disagreement." *Id.* at 322.

The United Kingdom has cross-appealed from, and seeks summary reversal of, the decision denying sanctions. Additionally, the United Kingdom seeks attorneys' fees and costs, pursuant to both Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927, for the costs of defending against a frivolous appeal. For the reasons stated below, we reverse and remand the district court decision with regard to the Rule 11 sanction, and grant the United Kingdom's motion for attorneys' fees and costs on appeal pursuant to Rule 38.

## I. FEDERAL RULE OF CIVIL PROCEDURE 11

■ The United Kingdom asserts that the district court erred in denying its Rule 11 motion for attorneys' fees and costs, relying upon the well established principle that the court must impose a sanction "once it has found a violation of the rule." *Weil v. Markowitz,* 829 F.2d 166, 171 (D.C. Cir.1987) (footnote omitted); *Westmoreland v. CBS,* 770 F.2d 1168, 1174–75 (D.C. Cir.1985). Thus, the question is whether the district court found, or should have found, that plaintiffs violated Rule 11. If so, then a sanction must be imposed.

Here, the district court observed that plaintiffs, citizens or residents of Libya, could not be "presumed to be familiar with the rules of law of the United States." *Saltany*, 702 F.Supp. at 322. The court noted, however, that "[i]t is otherwise ... with their counsel. The case offered no hope whatsoever of success, and plaintiffs' attorneys surely knew it." *Id.*

The court thus found, in substance if not in terms, that plaintiffs' counsel had violated Rule 11; yet the court did not impose a sanction. Instead, the court went on to observe that because the "injuries for which the suit is brought are not insubstantial," the case is not "frivolous so much as it is audacious." *Id.* The seriousness of the injury, however, has no bearing upon whether a complaint is properly grounded in law and fact. We may agree with the district court that the suit is audacious—that is not sanctionable in itself—but, we do not see how filing a complaint that "plaintiffs' attorneys surely knew" had "no hope whatsoever of success" can be anything but a violation of Rule 11.

■ Nonetheless, surmising that the suit was brought as a public statement of protest, the district court opined that courts can "serve in some respects as a forum for making such statements, and should continue to do so." *Id.* (citing *Talamini v. Allstate Insurance Co.*, 470 U.S. 1067, 1070–71, 105 S.Ct. 1824, 1826–28, 85 L.Ed.2d 125 (1985) (Stevens, J., concurring in dismissal of appeal)). We do not conceive it a proper function of a federal court to serve as a forum for "protests," to the detriment of parties with serious disputes waiting to be heard. In any event, reliance upon *Talamini* was inappropriate. That opinion, representing the views of Justice Stevens and three other justices, argued in opposition to awarding sanctions against an attorney who had pursued an unmeritorious application for review in an otherwise unremarkable unfair trade practices action. It in no way speaks to the use of the courts as any sort of political or protest forum. Whether punitive sanctions should be imposed for invoking the judicial process is properly fit into the equation when considering wheth-

er a Rule 11 violation has occurred. Here, the district court had already determined in effect that a violation had occurred. Therefore, we grant the United Kingdom's motion for summary reversal and remand the matter to the district court for imposition of an appropriate sanction.

## II. FEDERAL RULE OF APPELLATE PROCEDURE 38

■ The United Kingdom (with the support of the United States) seeks to recover the attorneys' fees and costs it incurred by reason of plaintiffs' pursuit of a frivolous appeal. We grant attorneys' fees and costs under Rule 38, and thus do not consider the alternate claim under 28 U.S.C. § 1927.

The basis for the United Kingdom's request is that the Supreme Court's decision in *Argentine Republic v. Amerada Hess Corp.*, —— U.S. ——, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989), which was issued about a month after the decision of the district court, utterly foreclosed plaintiffs' argument that the United Kingdom is subject to the jurisdiction of the courts of the United States. *Cf. Saltany*, 702 F.Supp. at 320–21 (dismissing claims against Prime Minister Thatcher on grounds of immunity, (citing *Ex Parte Republic of Peru*, 318 U.S. 578, 589, 63 S.Ct. 793, 800, 87 L.Ed. 1014 (1943)) and against the United Kingdom under the "act of state" doctrine).

In *Amerada Hess*, the Court ruled unanimously and unequivocally that the Foreign Sovereign Immunities Act ("FSIA") provides the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Amerada Hess*, 109 S.Ct. at 688. Furthermore, the Court held that a foreign state's use of military force allegedly in violation of international law fell outside any of the exceptions to sovereign immunity provided by the FSIA. *Id.* at 690–92; *see also Tel Oren v. Libyan Arab Republic*, 726 F.2d 774, 775 n. 1 (D.C.Cir.1984) (per curiam) (Edwards, J., concurring) (suit against the Government of Libya seeking damages for a terrorist attack in Israel was barred because of the exclusivity of the jurisdictional grant in the FSIA), *cert. denied*, 470 U.S.

1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985). Under these holdings, the present appeal was clearly doomed.

Unyielding to the holdings in *Amerada Hess*, however, plaintiffs suggest that the FSIA may authorize this suit because the statute provides that the immunity of a foreign state from the jurisdiction of the courts of the United States is "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of [the FSIA]." 28 U.S.C. § 1604. In *Amerada Hess*, however, the Court examined this language and found that it applies only "when international agreements 'expressly conflic[t]' with the immunity provisions of the FSIA...." *Amerada Hess*, 109 S.Ct. at 692 (quoting H.R.Rep. No. 1487, 94th Cong., 2d Sess. 17, *reprinted in* 1976 U.S.Code Cong. & Ad. News 6604, 6616; S.Rep. No. 1310, 94th Cong., 2d Sess. 17 (1976)).

On appeal, plaintiffs fail to identify any international agreement that "expressly conflicts" with the FSIA, and thus fail to establish any basis for jurisdiction in the courts of the United States. Consequently, we find that *Amerada Hess* clearly bars plaintiffs' claim against the United Kingdom, and that so much was apparent to counsel for plaintiffs before they imposed upon the United Kingdom the burden of this appeal. Accordingly, we grant the United Kingdom's motion for attorneys' fees and costs to be assessed against counsel.

The United Kingdom is directed to submit a statement of fees and costs; counsel for plaintiffs shall respond within fourteen days (14) of the date of their receipt of that accounting.

*So ordered.*

## ORDER

Upon consideration of the United States' motion for summary affirmance, the United Kingdom's and Prime Minister Thatcher's motion for summary affirmance in part and for summary reversal in part, and an award of damages and costs, and the opposition and replies thereto, it is

ORDERED that the district court's memorandum and order filed December 23, 1988, granting defendants' motions to dismiss, be summarily affirmed substantially for the reasons stated therein. It is

FURTHER ORDERED that the motion for summary reversal in part, and an award of damages and costs be granted for the reasons stated in the accompanying *per curiam* opinion.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir.Rule 15.