Farag M. Mohammed SALTANY,
et al., Appellants

v.

George BUSH, President of the United
States,* et al., Appellees.

No. 91–5107.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 27, 1992.

Decided April 10, 1992.

Rehearing and Rehearing En Banc
Denied June 26, 1992.

Before WALD, EDWARDS and D.H.
GINSBURG, Circuit Judges.

Judgment for the Court filed PER
CURIAM.

## JUDGMENT

PER CURIAM.

This cause came to be heard on appeal from a decision by the District Court. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C.CIR.R. 14(c).

Counsel challenge the award of Rule 11 and Rule 38 sanctions against them, as directed by a previous panel. The law of the case doctrine bars this challenge. *See, e.g., Melong v. Micronesian Claims Comm'n,* 643 F.2d 10, 17 (D.C.Cir.1980). We see no clear error combined with manifest injustice, nor does *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), constitute intervening law on the Rule 11 issue. The prior panel determined that the District Court had found a Rule 11 violation, *see Saltany v. Reagan,* 886 F.2d 438, 440 (D.C.Cir.1989), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990), and there is no basis under *Cooter* or any other precedent for us to reconsider this determi-

* President Bush is substituted for former President Reagan, insofar as the latter is sued in his

nation. Moreover, *Cooter* makes clear that sanctions must be imposed once a violation is found. *See* 110 S.Ct. at 2454, 2460.

Counsel also argue for a nonmonetary Rule 11 sanction, but the District Court considered this possibility and reasonably exercised its discretion to impose a fine instead.

Accordingly, it is hereby ORDERED and ADJUDGED that the decision is affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.CIR.R. 15.

A separate dissenting statement filed by Circuit Judge WALD is attached.

WALD, Circuit Judge, dissenting:

I regretfully dissent from the majority's affirmance of the district court's imposition of Rule 11 sanctions against plaintiffs' counsel. The district court had originally denied appellees' motion for Rule 11 sanctions, concluding that "[i]t cannot ... be said that the case is frivolous so much as it is audacious." *Saltany v. Reagan,* 702 F.Supp. 319, 322 (D.D.C.1988).

On the first appeal, this court nonetheless concluded that, when the district judge commented in his opinion that "[t]he case offered no hope whatsoever of success, and plaintiffs' attorneys surely knew it," *id.,* he "found, in substance if not in terms, that plaintiffs' counsel had violated Rule 11; yet the court did not impose a sanction." *Saltany v. Reagan,* 886 F.2d 438, 440 (D.C.Cir.1989) (per curiam), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990). The prior panel remanded to the district court for the "imposition of an appropriate sanction." *Id.* On remand, the district judge not unreasonably interpreted the remand order "as an unequivocal direction to it" to impose Rule 11 sanctions, *see* Memorandum and Order, No. 88–981 (D.D.C. Mar. 14, 1991) at 1–2, and he ordered plaintiffs' counsel to pay $10,000 each to the British appellees.

official capacity. *See* FED.R.APP.P. 43(c).

Under the "law of the case" doctrine, a decision on an issue of law made at one stage of a case ordinarily becomes a binding precedent to be followed in successive stages of the same case. However, this doctrine "is not an inexorable command that rigidly binds a court to its former decisions but rather is an expression of good sense and wise judicial practice." *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir.1978). As this court has stated on several occasions, "[t]o warrant divergence from the law of the case, a court must not only be convinced that its earlier decision was erroneous; it must also be satisfied that adherence to the law of the case will work a grave injustice." *Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 17 (D.C.Cir.1980); *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585 (D.C.Cir.1980); *see also Browning v. Navarro*, 887 F.2d 553, 556 (5th Cir.1989) ("We have the discretion to ignore a previous decision if substantially different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice.").

Despite the extremely high threshold that any departure from past holdings in the same case must meet, I feel one is justified here. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), decided after the first appeal in this case, does represent an "intervening change in the law" to the extent that it establishes a "clearly erroneous" standard rather than a *de novo* review standard for a review of a decision to impose (or not to impose) Rule 11 sanctions. Although the prior panel opinion did not expressly identify its standard in reviewing the district judge's denial of Rule 11 sanctions, in my view, it did not treat his express decision not to impose sanctions with the required deference by finding that he had ruled on the factual predicates of Rule 11 but had erred in not properly applying the law to those findings.

In order to find a violation of Rule 11, the district judge must conclude that, to the best of counsel's knowledge, information, and belief formed after reasonable inquiry, the pleading was neither "well grounded in fact" nor "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or that the pleading was "interposed for an[ ] improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." FED.R.CIV.P. 11. The district judge here explicitly declined to make any such finding. His remark that the case "offered no hope whatsoever of success, and plaintiffs' attorneys surely knew it" is not an appropriate substitute for the conclusions required by Rule 11. Even if the district judge's conclusion that appellants' counsel knew that they had no hope of prevailing was correct—a "fact" put in some doubt both by the enormous time and energy expended by counsel in preparation of their case and the expert opinions they were able to assemble on behalf of the legitimacy of their clients' cause of action—that conclusion is still not equivalent to a finding that counsel did not have a "good faith argument for the extension, modification, or reversal of existing law." Surely the propriety of Rule 11 sanctions should not depend on the degree of optimism with which counsel approach litigation. The prior panel's conclusion that the district judge had found "in substance" that appellants' counsel had violated Rule 11 was itself, in my view, "clearly erroneous," and the sanctions imposed on the basis of that substituted finding have created a "manifest injustice."

The effect of reaching beyond a district judge's clear exercise of his discretion not to impose Rule 11 sanctions and not to make the specific fact findings required by Rule 11 by reconstructing that decision out of side comments about the likelihood of plaintiffs' prevailing (and counsels' knowledge thereof) cannot but chill well-founded future suits, whose time in the law may not yet have come, but whose value in exposing abuses and educating courts and the public is substantial. Cognizant that the district judge had no realistic choice but to impose sanctions on remand, I dissent from the

result which our prior decision required of him.