**DELTA FOODS LTD., Appellee,**

v.

**REPUBLIC OF GHANA,**
**et al., Appellants.**

**Nos. 00–7081 and 00–7248.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 6, 2001.

Decided Sept. 28, 2001.

Michael Steven Cole argued the cause and filed the briefs for appellants.

Robert D. Balin argued the cause for appellee. With him on the brief was Richard L. Cys.

Before: GINSBURG, Chief Judge, EDWARDS and SENTELLE, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

The government of the Republic of Ghana appeals two orders of the district court denying its motions to reopen judgment under Rule 60(b). Those motions seek relief from a judgment enforcing against Ghana a consent decree entered by that country's High Court of Justice. Ghana argues, first, that it never waived sovereign immunity before judgment and therefore may raise it after judgment and, alternatively, that the parties reached a postjudgment settlement. We hold that Ghana may not, after having voluntarily withdrawn its direct appeal, assert sovereign immunity in a collateral attack, and that the parties did not enter into a postjudgment settlement agreement. Therefore, we affirm the orders of the district court denying Ghana's Rule 60(b) motions.

## I. Background

The government of Ghana contracted to buy corn from Delta Foods, a Ghanaian corporation. After Delta purchased the corn in the United States and tried to deliver it, the government refused to take it or to pay for it. Delta sued Ghana in the High Court of Justice, after which the two parties negotiated a settlement agreement, the terms of which were then embodied in a consent decree. Ghana was to pay Delta 20.3 billion Ghanaian cedis for: the corn, the cost of pre-judgment storage, and pre-judgment interest. In addition, Ghana was to reimburse Delta for any post-judgment cost of storage, and to pay Delta post-judgment interest in an amount to be negotiated by the parties.

In January, 1999, still not having been paid any money, Delta sued Ghana in the district court here to enforce the decree of the High Court. Ghana moved to dismiss or for summary judgment on the grounds of forum non conveniens, comity, and ripeness, but it did not assert sovereign immunity. Delta opposed Ghana's motion and cross-moved for summary judgment. Ghana then filed a reply in which it stated:

Also confused in the opposition papers are the principles of Sovereign Immunity and "Act of State" with that of Comity. The first two are doctrines of jurisdictional immunity. Comity on the other hand, like the doctrine of forum non-conveniens, concerns discretionary jurisdiction. Neither Sovereign Immunity nor Act of State is relevant since immunity to jurisdiction is not claimed.

In October, 1999 the district court granted Delta's motion for summary judgment and ordered Ghana to pay Delta the 20.3 billion cedis due under the Ghanaian consent decree, plus interest. Converting the 20.3 billion cedis to dollars using the rate of exchange at the time Delta filed suit in the United States, the court awarded Delta $8,526,000 plus interest from the entry of the consent decree to the entry of judgment in the district court, for a total of $9,174,005, plus post-judgment interest on that sum.

Ghana timely appealed to this court "each and every part of the said judgment" but still did not assert sovereign immunity. In December, 1999, however, Ghana moved voluntarily to dismiss its appeal—which motion we granted—so it could file in the district court a motion under Rule 60(b) seeking relief from that court's judgment.

Meanwhile, on November 24, 1999 Ghana had deposited 20.3 billion cedis into the Ghanaian court, pursuant to the consent decree, but Delta had rejected the payment, no doubt because by that time the cedis were worth millions of dollars less

than the $9,174,005 to which it was entitled under the judgment of the district court. (Ghana also had tendered some 2.282 billion cedis it owed under the consent decree for warehouse costs; Delta accepted that money.) In its Rule 60(b) motion Ghana quoted a letter Delta's counsel had sent the government in March, 1999 stating that "[i]f the judgment debt is satisfied in Ghana, the proceedings in the U.S. cannot continue since satisfaction of the judgment in Ghana will be a complete answer to proceedings for execution in the U.S."

The district court denied Ghana's motion to vacate the judgment. The court ruled that neither Delta's letter nor its acceptance of payment for post-consent decree warehouse costs—a part of the Ghanaian judgment Delta had not sought to enforce in the United States—"establishes that the parties ever entered into a post-judgment settlement."

In March, 2000 Ghana moved again under Rule 60(b) to vacate the judgment of the district court, this time on the ground of sovereign immunity. Ghana explained its belated assertion of immunity as follows: "[T]here has been a substantive change in the law which affects the judgment of this Court. This change is affected by virtue of a most recent decision of the Second Circuit Court of Appeals," here referring to *Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.*, 204 F.3d 384 (2000).

The district court denied Ghana's second motion to vacate, holding that Ghana had, by the earlier-quoted passage in Ghana's opposition to the plaintiff's motion for summary judgment, "explicitly waived any claim to sovereign immunity." Therefore, the court did not reach the question whether Ghana was precluded from raising sovereign immunity in a post-judgment motion.

Ghana now appeals the district court's dismissal of its two Rule 60(b) motions.

The time for appeal of the underlying judgment has long passed, of course.

## II. Analysis

Ghana contends initially that it has not waived sovereign immunity and may raise it for the first time in a postjudgment motion. In the alternative, Ghana argues that it satisfied the judgment of the district court when it paid into the High Court of Ghana 20.3 billion cedis for the benefit of Delta.

Ghana initially must show that it may assert sovereign immunity in a motion under Rule 60(b). Because we hold that it may not, we need not reach the question whether Ghana waived sovereign immunity.

### A. Sovereign Immunity

■ Ghana points out that it never answered Delta's complaint; it merely moved to dismiss or for summary judgment on various preliminary grounds, such as forum non conveniens. When the district court denied that motion, Ghana filed an appeal, which it later withdrew. There being no doubt it could move to dismiss on the ground of forum non conveniens (etc.) without thereby waiving sovereign immunity, Ghana argues that it could likewise withdraw its appeal of the forum non conveniens motion without losing its right to assert sovereign immunity.

■ Delta counters that Ghana lost its right to assert sovereign immunity when it withdrew its direct appeal. According to Delta, a party may not challenge a court's subject-matter jurisdiction in a collateral attack if the party initially appeared in its own defense; the question of jurisdiction is res judicata.

We cannot but agree with Delta. The problem with Ghana's argument is that Ghana never timely asserted sovereign im-

munity in any forum. Its failure to assert sovereign immunity in the district court is not by itself fatal because, as Ghana points out, it did not answer the complaint and sovereign immunity is not necessarily waived by the tactical choice to raise other preliminary objections first. *Canadian Overseas Ores, Ltd. v. Compania de Acero del Pacifico S.A.,* 727 F.2d 274, 277–78 (2d Cir.1984). Therefore, when the district court entered summary judgment for Delta, Ghana arguably could have asserted sovereign immunity for the first time in the court of appeals because the objection goes to the subject matter jurisdiction of the court. *See Bazuaye v. United States,* 83 F.3d 482, 486 (D.C.Cir.1996) ("Challenges to subject matter jurisdiction can be raised for the first time on appeal"). There is a limit, however, to the timeliness of even a jurisdictional objection, and that limit was reached when the time to appeal ran out; with no appeal pending, the judgment of the district court then became final. For, as the Supreme Court has stated:

> A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

Ghana now seeks to raise the issue of sovereign immunity because it believes that *Transatlantic,* which the Second Circuit decided two months after the last day for Ghana to appeal, works a "substantive change in the law" from which Ghana might benefit. According to Ghana, that case holds that in a suit to enforce a foreign judgment, the immunity of a foreign sovereign is not subject to the commercial activity exception unless the foreign judgment arises out of commercial activity in the United States.

Whether Ghana would benefit from the *Transatlantic* case is irrelevant to the proper disposition of its motion to vacate the judgment. The Supreme Court has been clear, in terms that might as well have been crafted with this case in mind, that "reopening a judgment under Rule 60(b) [is precluded] where the movant has voluntarily abandoned his appeal, and the only ground for the motion to reopen is an asserted later change in the judicial view of applicable law." *Polites v. United States,* 364 U.S. 426, 431, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960). Enough said.

### B. Settlement

Ghana argues in the alternative that it satisfied the judgment of the district court when it tried to pay Delta 20.3 billion cedis, plus 2.82 billion cedis for post-consent decree warehouse costs, both as required by the Ghanaian consent decree, and Delta in fact accepted payment for the warehouse costs. According to Ghana, Delta agreed that if Ghana paid the Ghanaian judgment, then Delta would not pursue payment of the U.S. judgment. Ghana here relies upon the letter it received in March, 1999 from Delta's counsel: "If the judgment debt is satisfied in Ghana, the proceedings in the U.S. cannot continue since satisfaction of the judgment in Ghana will be a complete answer to proceedings for execution in the U.S."

Delta counters that counsel sent that letter before the district court had entered judgment; in that procedural context the letter meant only that, if Ghana paid the Ghanaian judgment for 20.3 billion cedis, then there would be no unsatisfied judgment of which Delta could seek enforcement in the United States. Once the district court entered judgment, how-

ever, everything changed: Ghana owed Delta not 20.3 billion cedis but $9,174,005. *See Competex, S.A. v. Labow,* 783 F.2d 333 (2d Cir.1986). Ghana has not attempted to pay that amount, nor has Delta agreed to accept less.

■ In reply, Ghana does not argue that it could satisfy the judgment of the district court by paying the less valuable Ghanaian judgment; such an argument would be squarely at odds with the holding in *Competex.* Instead Ghana maintains that Delta agreed to accept less than the U.S. judgment. Ghana first points to counsel's letter, but the letter manifests no such agreement. Although the letter informed Ghana that Delta's "proceedings in the U.S. [could not] continue" if Ghana paid the Ghanaian judgment, it in no way suggested that Delta would accept payment of the Ghanaian judgment as satisfaction of any judgment that might later be issued in the United States.

■ Ghana also emphasizes that Delta accepted payment of the warehouse costs in cedis, the suggestion apparently being, because the cedis had lost value, that such acceptance is evidence that Delta agreed not to demand the full payment provided by the judgment of the district court if only Ghana satisfied the decree of the High Court. The warehouse costs, however, were not a part of the U.S. judgment. Delta had to accept payment in cedis for those costs because it was not owed payment in dollars. Delta is, by contrast, owed dollars under the U.S. judgment, and it has consistently demanded full payment of the amount it is owed. We therefore reject Ghana's claim that it is entitled to relief from the judgment because the parties entered into a post-judgment settlement agreement.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed.*