Abolala SOUDAVAR, Appellant,

v.

ISLAMIC REPUBLIC OF IRAN, et al., Appellees.

No. 02–7129.

United States Court of Appeals, District of Columbia Circuit.

June 10, 2003.

Rehearing En Banc Denied Aug. 7, 2003.

Before EDWARDS, SENTELLE, and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed September 25, 2002, be affirmed. Appellant brought suit against appellees, the Islamic Republic of Iran ("Iran"); Bonyad-e Mostazafan va Janbazan, an Iranian agency ("Bonyad-e"); Sabt-e Ahval-e koll-e Keshvar, the National Title Institution of Iran ("Sabt-e"); and Hojjatol–Islam Nayerri, the chief judge of the Revolutionary Islamic Courts of Iran ("Nayerri"). The district court correctly determined that appellant failed to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, or the Alien Tort Claims Act, 28 U.S.C. § 1350.

■■■ First, the district court correctly rejected appellant's claim that the actions of the appellees fell within the third clause of the FSIA's commercial activity exception, which states that a foreign state is not immune in an action based upon an act outside the United States in connection with a "commercial activity" of the foreign state elsewhere that causes a "direct effect" in the United States. 28 U.S.C. § 1605(a)(2), cl. 3. Sabt-e and Nayerri did not engage in "commercial activity," because registering deeds and affirming the judgment of a lower court, respectively, are government acts, not the "commercial activities" of a government acting as a private player within the market. *See Republic of Argentina v. Weltover,* 504 U.S. 607, 614, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). As to Iran and Bonyad-e, even assuming these appellees engaged in "commercial activity" when Iran transferred title to real property from Soudavar to Bonyad-e, the transfer did not have a "direct effect" in the United States. *See id.* Although appellant was a legal resident of the United States at the time of this transaction, a mere financial loss by a resident of the United States does not constitute a "direct effect" in the United States. *Compare Zedan v. Kingdom of Saudi Arabia,* 849 F.2d 1511, 1514 (D.C.Cir.1988) (plaintiff's presence in the United States after Saudi Arabia allegedly breached his employment contract was not a "direct effect" in the United States because the plaintiff's presence in the United States was merely fortuitous, and the contract did not require that the money be forwarded to a specific address in the United States), *with Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 451 (D.C.Cir.1990), *cert. denied, Islamic Republic of Iran v. McKesson Corp.,* 516 U.S. 1045, 116 S.Ct. 704, 133 L.Ed.2d 660 (1996) (finding a "direct effect" where there was a constant flow of capital, management personnel, engineering data, machinery, equipment, materials and packaging between the United States and Iran).

■■■ In addition, the district court properly held that the Treaty of Amity, Economic Relations, and Consular Rights Between the United States of America and Iran, Aug. 15, 1955, 8 U.S.T. 899, does not satisfy the treaty exception to the FSIA because the treaty does not "expressly conflict" with the FSIA, 28 U.S.C. § 1604. *See Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 442, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *Foremost–McKesson,* 905 F.2d at 452. Finally, the district court properly held that in a suit involving a foreign state, a plaintiff

must satisfy subject matter jurisdiction under the FSIA before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350. *See, e.g., Saltany v. Reagan*, 886 F.2d 438, 440–41 (D.C.Cir.1989), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.