# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 8, 2013          Decided March 29, 2013

No. 12-5087

KASIPPILLAI MANOHARAN, DR., ET AL.,
APPELLANTS

v.

PERCY MAHENDRA RAJAPAKSA,
APPELLEE

UNITED STATES OF AMERICA,
AMICUS CURIAE

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-00235)

*Bruce Fein* argued the cause and filed the briefs for appellants.

*Mitchell R. Berger* argued the cause for appellee. With him on the brief was *Benjamin D. Wood*.

*Adam C. Jed*, Attorney, U.S. Department of Justice, argued the cause for *amicus curiae* United States of America. With him on the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Ronald C. Machen Jr.*, U.S. Attorney, *Mark B. Stern*, Attorney, and *Harold Hongju Koh*, Legal Adviser, U.S.

Department of State.  *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before:  GARLAND, *Chief Judge*, and BROWN and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:  The plaintiffs have brought civil claims against the sitting president of Sri Lanka under the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350 note. Although the defendant maintains that the plaintiffs failed to serve him with process, he appeared before the district court for the limited purpose of requesting the United States' view as to whether he was immune from suit.  The United States Department of State filed a Suggestion of Immunity in the district court.  Without expressing any opinion regarding the merits of the plaintiffs' claims, the State Department "determined that President Rajapaksa, as the sitting head of a foreign state, enjoys head of state immunity from the jurisdiction of U.S. courts in light of his current status." Suggestion of Immunity at 6 (Jan. 13, 2012) (J.A. 47).  The district court then dismissed the plaintiffs' suit.

On appeal, the plaintiffs urge us to reverse the judgment of the district court, contending that the sitting president of Sri Lanka is not immune from civil suit under the TVPA.  We disagree.

As the Supreme Court has held, "[t]he doctrine of foreign sovereign immunity developed as a matter of common law." *Samantar v. Yousuf*, 130 S. Ct. 2278, 2284 (2010).  In *Samantar*, the Court explained that "a two-step procedure developed for resolving a foreign state's claim of sovereign immunity," and that "the same two-step procedure was typically followed when

a foreign official asserted immunity." *Id.* at 2284-85. Under the first step of that procedure, the only one that is relevant here, "the diplomatic representative of the sovereign could request a 'suggestion of immunity' from the State Department," and "[i]f the request was granted, the district court surrendered its jurisdiction." *Id.* at 2284; *accord Habyarimana v. Kagame*, 696 F.3d 1029, 1032-33 (10th Cir. 2012); *Matar v. Dichter*, 563 F.3d 9, 13-14 (2d Cir. 2009); *Ye v. Zemin*, 383 F.3d 620, 625-27 (7th Cir. 2004); *Spacil v. Crowe*, 489 F.2d 614, 617 (5th Cir. 1974); *cf. Republic of Mexico v. Hoffman*, 324 U.S. 30, 36 (1945) ("[I]t is an accepted rule of substantive law governing the exercise of the jurisdiction of the courts that they accept and follow the executive determination that the vessel shall be treated as immune."). Here, the defendant did request a suggestion of immunity, and the United States granted that request by submitting a suggestion of immunity to the court. Accordingly, as the district court recognized, it was without jurisdiction, *see Saltany v. Reagan*, 886 F.2d 438, 441 (D.C. Cir. 1989), unless Congress intended the TVPA to supersede the common law.

"The canon of construction that statutes should be interpreted consistently with the common law helps us interpret a statute that," as here, "clearly covers a field formerly governed by the common law." *Samantar*, 130 S. Ct. at 2289. "In order to abrogate a common-law principle, the statute must 'speak directly' to the question addressed by the common law." *United States v. Texas*, 507 U.S. 529, 534 (1993) (quoting *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978)). Whether or not legislative history would be sufficient to satisfy the requirement of speaking "directly," the plaintiffs' view is that the legislative history of the TVPA is ambiguous on the subject of head of state immunity. In fact, if anything the legislative history appears to indicate that Congress expected the common law of head of state immunity to apply in TVPA suits. *See* H.R. REP. NO. 102-367, at 5 (1991) ("[N]othing in the TVPA

overrides the doctrines of diplomatic and head of state immunity.").

This leaves only the language of the TVPA, which the plaintiffs contend supersedes the common law because it renders "an individual" liable for damages in a civil action, and a head of state is "an individual." But as even the plaintiffs acknowledge, the term "an individual" cannot be read to cover every individual; plaintiffs agree that both diplomats and visiting heads of state retain immunity when they visit the United States. Oral Arg. Recording at 33:19-34:04. Indeed, although the most analogous statute, 42 U.S.C. § 1983, provides a cause of action against "*[e]very* person" who deprives another of his or her Constitutional rights under color of state law, *id.* (emphasis added), the Court has held that Congress did not intend that language to abrogate the preexisting common law of immunity applicable to executive officials. *See Malley v. Briggs*, 475 U.S. 335, 339-40 (1986). We likewise conclude that the common law of head of state immunity survived enactment of the TVPA. *Accord Matar*, 563 F.3d at 15; *see Devi v. Rajapaksa*, No. 12-4081 (2d Cir. Jan. 30, 2013) (holding that the defendant, who is the same defendant as in this case, "clearly is entitled to head-of-state immunity").

Because, as a consequence of the State Department's suggestion of immunity,[*] the defendant is entitled to head of state immunity under the common law while he remains in office, and because the TVPA did not abrogate that common law

---

[*]This case does not require us to decide what deference we should give to the State Department when the Department indicates that a defendant, whether a sitting head of state or otherwise, should *not* receive immunity. *Cf. Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012).

immunity, the judgment of the district court dismissing the plaintiffs' complaint is

*affirmed*.