# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 20-7116**

**September Term, 2021**

FILED ON: JUNE 24, 2022

IOAN MICULA, ET AL.,
                    APPELLEES

v.

GOVERNMENT OF ROMANIA,
                    APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-02332)

———

Before: HENDERSON, MILLETT, and WALKER, *Circuit Judges*.

## J U D G M E N T

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the judgment of the district court.

\*       \*       \*

The Petitioners are two brothers and their three affiliated companies. They invested money in Romania in reliance on financial incentives offered by that nation's government, and they lost money when Romania repealed those incentives. *Micula v. Government of Romania*, 404 F. Supp. 3d 265, 270 (D.D.C. 2019), *aff'd*, 805 F. App'x 1 (D.C. Cir. 2020). As compensation for that loss, the Petitioners received a favorable award against Romania from a forum for international arbitration called the International Centre for Settlement of Investment Disputes. *Id.* at 270-71. Since then, the Petitioners have been trying to collect what Romania owes them.

A detailed history of that collection effort would be lengthy and is unnecessary. For the purposes of this appeal, what matters is that the U.S. District Court for the District of Columbia ordered Romania to pay the Petitioners a large amount of money to satisfy the international arbitration award; this Court affirmed that judgment; and Romania has not yet fully paid up.

*Micula v. Government of Romania*, No. 17-CV-02332 (APM), 2020 WL 6822695, at *1-2 (D.D.C. Nov. 20, 2020).   Romania has instead satisfied a Romanian court's judgment that provides the Petitioners with only part of what the district court determined they deserve.   *Id.*

Now on appeal is a post-judgment order of the district court.   In it, the district court denied a motion by Romania for relief from the district court's judgment.   *Id.* at *7.   It also granted the Petitioners' motion for civil contempt and sanctions regarding Romania's defiance of a post-judgment discovery order.   *Id.*

Neither decision was an abuse of the district court's discretion.

The district court did not err in denying Romania's motion for relief from the judgment. Romania did not satisfy that judgment, which was entered in dollars, by paying a less valuable Romanian judgment in its own currency.   *See Delta Foods Ltd. v. Republic of Ghana*, 265 F.3d 1068, 1071-72 (D.C. Cir. 2001) (citing *Competex, S.A. v. LaBow*, 783 F.2d 333 (2d Cir. 1986)).

In response, Romania relies on § 116 of the Second Restatement of Conflict of Laws.   That section counsels against enforcing an award that has already "been discharged by payment . . . under the local law of the state of rendition."   Restatement (Second) of Conflict of Laws § 116 (1971).   So § 116 could apply here only if the international arbitration award had already been discharged "under the local law of" the place where it was rendered — in other words, "under the local law of" the International Centre for Settlement of Investment Disputes.

That is not this case.   Rather, as Romania says in its briefs, Romania has satisfied a Romanian judgment that enforced the "pecuniary obligations" of the international arbitration award "under Romanian law."   Appellant's Brief 30; *see also id.* at 12 ("By July 2020, the obligations set out in [Romanian currency] in the Award, including accrued interest, were fully paid, discharged, and otherwise satisfied under Romanian law pursuant to the enforcement action commenced by Appellees in Romania . . . ."); Reply Brief 11 ("[T]he pecuniary obligations set out in the Award have been satisfied under Romanian law . . . .").

Romania also points to principles that require U.S. courts to respect the acts and decisions of foreign sovereigns.   *Micula*, 404 F. Supp. 3d at 280-81, 85.   But here, the Petitioners have not challenged the acts or decisions of a foreign sovereign.   *Id.* at 282-83, 85.   Instead, the Petitioners have merely sought to enforce a decision rendered by a forum for international arbitration to which Romania has voluntarily submitted itself.   *Id.* at 269.

As to the contempt order and sanctions, Romania asserts that it was justified in disobeying the district court's post-judgment discovery order because there was a "genuine dispute" about the validity of the district court's judgment, *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.C. Cir. 2015) (cleaned up).   But that dispute depended on Romania's argument that this case is covered by § 116 of the Second Restatement of Conflict of Laws.   For the reasons already explained, that argument lacks merit.

For these reasons, we **AFFIRM** the judgment of the district court.

*      *      *

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

<u>**Per Curiam**</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk