**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| S.R.B. KENNETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01916 (UNA) |
| | ) | |
| TYPSA GROUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Currently before the Court are Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, Plaintiff's IFP Application is granted and, for the reasons explained below, this matter is dismissed without prejudice.

Plaintiff is as "a Kenyan national currently seeking asylum in South Sudan." Compl. at 1. He sues the country of Spain and TYPSA Group, "a Spanish multinational engineering firm." *Id*. Plaintiff states that "he is the founder and CEO of Ruwatex Africa Ltd, a company engaged in international consultancy and infrastructure facilitation," *id*., and that, at an unknown point in time, Ruwatex Africa Ltd "entered into a consultancy agreement with TYPSA to facilitate payments for the Lower Ewaso Ng'iro South River Multipurpose Dam project in Kenya," *see id*. at 2. Plaintiff then contends that, sometime thereafter he, by and through Ruwatex Africa Ltd, "secured official government endorsements and financial commitments on TYPSA's behalf . . . but TYPSA refused to pay Plaintiff's agreed commission." *See id*. He further alleges that "TYPSA lobbied the Kenyan government through the Spanish Prime Minister and embassy to obstruct Plaintiff's contractual enforcement, violating international norms and endangering Plaintiff's life." *Id*. He

raises assorted tort claims, citing to the the Alien Tort Statute, alleges that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), and demands $100 million in damages. *Id*. at 1–3.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3). Although Plaintiff claims to rely on both diversity and federal question jurisdiction, *see* Compl. at 1, he has failed to establish jurisdiction through either avenue.

First, Spain is immune from suit. *See Delta Foods Inc. v. Republic of Ghana*, 265 F.3d 1068, 1071 (D.C. Cir. 2001) (finding that immunity "goes to the subject matter jurisdiction of the court."). In "a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350." *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (per curiam) (citing *Saltany v. Reagan*, 886 F.2d 438, 440–41 (D.C. Cir. 1989)). The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989), and provides that a foreign state is immune from the jurisdiction of the United States courts unless an exception applies, *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citing 28 U.S.C. § 1605), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005) (citing 28 U.S.C. § 1604)). Any claims

"against foreign sovereigns that do not fall within the ambit of a FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted), *rev'd on other grounds*, *Fed. Rep. of Germany v. Philipp*, 141 S.Ct. 703 (2021).

Plaintiff does not directly address Spain's immunity, and there is no indication that it falls into any FSIA exception. Although Plaintiff mentions "international norms," *see* Compl. at 1, insofar as he may be referring the "expropriation exception," *see* 28 U.S.C. § 1605(a)(3), he has failed to identify the "international law" at issue, if any, and moreover, has failed to draw any cognizable commercial nexus between Spain's alleged actions and the United States. He also vaguely states that "Defendants' conduct affected U.S. interests, involved U.S.-linked contracts (including military engagements)," *see* Compl. at 1, perhaps invoking the "commercial activity exception" *see* 28 U.S.C. § 1605(a)(2). But even if Plaintiff had adequately alleged that Spain engaged in some commercial activity, which the Court does not concede, he fails to allege facts showing that Spain's alleged actions caused a direct effect in the United States. *See id*. § 1605(a)(2). In fact, Plaintiff's allegations regarding any connection to the United States are boilerplate, at best, and "threadbare recitals . . . supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Second, TYPSA also cannot be sued. It cannot be in diversity because "diversity jurisdiction does not exist in suits between aliens," *Edlow Intern. Co. v. Nuklearna Elektrarna Krsko*, 441 F. Supp. 827, 831 (D.D.C. 1977); *see also Saadeh v. Farouki*, 107 F.3d 52, 56, 56 n.2 (D.C. Cir. 1997) (holding that there could be no diversity jurisdiction because the plaintiff and the defendant—an entity both incorporated and with its principal place of business in a foreign country—were both aliens). Because Plaintiff and TYSPA are both aliens, there can be no diversity of citizenship. *See* 28 U.S.C. § 1332.

Nor has Plaintiff established federal question jurisdiction. *See id*. § 1331. Although Plaintiff invokes RICO, *see* Compl. at 1–2, he cannot bring a RICO claim against either Defendant. "[A] private RICO plaintiff . . . must allege and prove a *domestic* injury to [his] business or property" for the Court to have jurisdiction over his RICO claim. *RJR Nabisco*, *Inc. v. European Cmty*., 579 U.S. 325, 346 (2016) (emphasis added). "[I]n assessing whether there is a domestic injury, courts should engage in a case-specific analysis that looks to the circumstances surrounding the injury," and if "those circumstances sufficiently ground the injury in the United States, such that it is clear the injury arose domestically, then the plaintiff has alleged a domestic injury." *Yegiazaryan v. Smagin*, 599 U.S. 533, 545 (2023). Plaintiff's overbroad allegation that TYSPA "engaged in U.S. military and municipal contracts," Compl. at 1, does not establish that his own injuries arose domestically. Indeed, Plaintiff himself concedes that he suffered "international injury." *See* Compl. at 1.

For these reasons, this case is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). A separate Order accompanies this Memorandum Opinion.

Date: August 7, 2025

_____/s/_____
JIA M. COBB
United States District Judge